# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

### DETROIT DIVISION

L.M. by her next friend
and parent, A.M.,

       Plaintiff,

v.

LYFT, INC.,

      Defendant.

Case No.: 2:26-cv-10477-SJM-APP

Hon. Stephen J. Murphy III

## DEFENDANT LYFT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Lyft, Inc. ("Defendant") hereby answers the Complaint filed by Plaintiff L.M. by her next friend and parent, A.M.[1] ("Plaintiff") as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Lyft denies each and every allegation that forms the basis to assert the claims set forth in Paragraphs 1-2 of the Complaint but does not deny that the cited statutes, if pled correctly, allow for original jurisdiction and/or supplemental jurisdiction.

2. Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

3. Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 15-16 of the Complaint.

---

[1] Lyft wants the record to reflect that the Complaint reveals A.M.'s full name in screenshot photographs as it was not redacted to keep A.M.'s legal name confidential.

4. Lyft admits that it is a Delaware corporation based in San Francisco, California, and that it is a citizen of California and Delaware. Lyft also admits that it operates an app, the Lyft App, that connects riders who need transportation with drivers who can provide it. Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint.

## GENERAL DENIALS[2]

5. Lyft denies each and every allegation set forth in Paragraphs 4-5 of the Complaint.

6. Lyft denies each and every allegation set forth in Paragraph 6, except Lyft admits that at the time of the incident at issue, Lyft's policies prohibited unaccompanied minors from using    the Lyft App.

7. Lyft denies each and every allegation set forth in Paragraphs 7-14 of the Complaint.

8. Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

9. Lyft denies each and every allegation set forth in Paragraph 19, except admits that it is headquartered in San Francisco, it operates a marketplace in the United States and Canada where, among other things, persons who seek transportation to certain destinations can be matched with transportation options to such destinations and millions of rides take place on its platform each year.

---

[2] There is no "Paragraph 22" in the Complaint as the numbering skips from 21 to 23. Accordingly, to avoid confusion, Lyft references the Paragraphs as they are numbered in the Complaint.

10.     Lyft denies each and every allegation set forth in Paragraph 20 of the Complaint, except admits that it operates the Lyft App which connects riders who need transportation with drivers who can provide it.

11.     Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

12.     Lyft denies each and every allegation set forth in Paragraphs 23-27 of the Complaint, except admits that safety is a priority for Lyft.

13.     Lyft denies each and every allegation set forth in Paragraph 28 of the Complaint, except admits that at the time of the incident, minors were prohibited from using the Lyft App or riding unaccompanied by an adult.

14.     Lyft denies each and every allegation set forth in Paragraph 29, except admits that at the time of the incident, minors were prohibited from using the Lyft App or riding unaccompanied by an adult.

15.     Lyft denies each and every allegation set forth in Paragraph 30 of the Complaint.

16.     Lyft denies each and every allegation set forth in Paragraph 31 of the Complaint, except admits that at the time of the incident, drivers using the Lyft platform are prohibited from transporting unaccompanied minors.

17.     Lyft denies each and every allegation     set forth in Paragraph 32 of the Complaint, except admits that if drivers using the Lyft platform suspect a rider is an unaccompanied minor, the driver may verify the passenger's age.

18.     Lyft denies each and every allegation set forth in Paragraph 33 of the Complaint, except that it admits that drivers using the Lyft App who confirm that a passenger is an unaccompanied minor should cancel the ride.

19. Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, except that it admits that at the time of the incident it provided various material to users of the Lyft App related to its policy prohibiting the transportation of unaccompanied minors.

20. Lyft denies each and every allegation set forth in Paragraph 35, except that as with other policy violations, drivers using the Lyft App may report unaccompanied minors using the Lyft App in violation of Lyft's policies.

21. Lyft denies each and every allegation set forth in Paragraphs 36-40.

22. Lyft denies each and every allegation set forth in Paragraph 41, except admits that it works to protect the safety of all individuals who use the Lyft App.

23. Lyft denies each and every allegation set forth in Paragraph 42.

24. Lyft denies each and every allegation set forth in Paragraph 43, except admits that a driver    may be deactivated for violating Lyft's policies.

25. Lyft denies each and every allegation set forth in Paragraphs 44-46.

26. Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

27. Lyft denies each and every allegation set forth in Paragraphs 48-54.

28. Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint.

29. Lyft denies each and every allegation set forth in Paragraphs 56-58.

30. Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 59-61 of the Complaint.

31. Lyft denies each and every allegation set forth in Paragraph 62.

32.   Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 63-79 of the Complaint.

33.   Lyft denies each and every allegation set forth in Paragraphs 80-85.

34.   Lyft denies each and every allegation set forth in Paragraph 86, except Lyft admits that it was sued in Pennsylvania in a separate action involving allegations of transportation of an unaccompanied minor by a driver using the Lyft Platform.

35.   Lyft denies each and every allegation set forth in Paragraphs 87-89.

36.   Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint.

37.   Lyft denies each and every allegation set forth in Paragraphs 91-92.

38.   Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 93-94 of the Complaint.

39.   Lyft denies each and every allegation set forth in Paragraphs 95-99.

40.   To the extent the allegations in Paragraph 100-109 of the Complaint purport to derive from written documents, which speaks for themselves, Lyft denies any characterization of the documents' contents that is inconsistent with its text.

41.   Lyft denies each and every allegation set forth in Paragraphs 110-17 of the Complaint.

42.   Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 118-19 of the Complaint.

43.   Lyft denies each and every allegation set forth in Paragraphs 120-121 of the Complaint.

## CAUSES OF ACTION

### COUNT I – Violation of the Trafficking Victims Protection Act

44. Lyft incorporates the responses made to Paragraphs 1-121 of the Complaint as if fully set forth herein.

45. Paragraphs 123-35 of the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 124-35 of the Complaint set forth factual allegations, Lyft denies each and every allegation.

46. Paragraphs 136-37 of the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 136-37 of the Complaint set forth factual allegations, Lyft denies each and every allegation, and denies that Plaintiff has suffered any damages as a result of Lyft's conduct.

### COUNT 2 - Negligence

47. Lyft incorporates the responses made to Paragraphs 1-137 of the Complaint as if fully set forth herein.

48. Paragraphs 139-50 of the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 139-50 of the Complaint set forth factual allegations, Lyft denies each and every allegation.

49. Paragraphs 151-52 of the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 151-52 of the Complaint set forth factual allegations, Lyft denies each and every allegation, and denies that Plaintiff has suffered any damages as a result of Lyft's conduct.

### COUNT III – Gross Negligence

50. Lyft incorporates the responses made to Paragraphs 1-152 of the Complaint as if fully set forth herein.

SMRH:4896-3238-0340.2                                  -6-

51.     Paragraphs 154-59 of the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 154-59 of the Complaint set forth factual allegations, Lyft denies each and every allegation.

52.     Paragraphs 160-61 of the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 160-61 of the Complaint set forth factual allegations, Lyft denies each and every allegation, and denies that Plaintiff has suffered any damages as a result of Lyft's conduct.

<strong>COUNT IV – Negligent Supervision[3]</strong>

53.     Lyft incorporates the responses made to Paragraphs 1-161 of the Complaint as if fully set forth herein.

54.     Paragraph 159 of Count IV in the Complaint sets forth a legal conclusion to which no response is required. To the extent that Paragraph 159 of Count IV in the Complaint sets forth factual allegations, Lyft denies each and every allegation.

55.     Paragraphs 160-61 of Count IV in the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 160-61 of Count IV in the Complaint set forth factual allegations, Lyft denies each and every allegation, and denies that Plaintiff has suffered any damages as a result of Lyft's conduct.

<strong>COUNT V – Vicarious Liability</strong>

56.     Lyft incorporates the responses made to all previous Paragraphs of the Complaint as if fully set forth herein.

---

[3] In this Count IV section of the Complaint, the Paragraph numbers restart at 158 instead of continuing in the correct numerical order at 162; and the plaintiff has created duplicative numbers as this section contains a second Paragraph 161.  To avoid confusion with the Court, Lyft will reference the same Paragraph numbers as marked.  Accordingly, answers to Paragraph numbers for each Count, regardless of duplication, will only be directed toward those that are alleged in the Count that is being discussed.

57.     Paragraphs 163-68 of Count V in the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraphs 163-68 of Count V in the Complaint sets forth factual allegations, Lyft denies each and every allegation.

58.     Paragraphs 169-70 of Count V in the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 169-70 of Count V in the Complaint set forth factual allegations, Lyft denies each and every allegation, and denies that Plaintiff has suffered any damages as a result of Lyft's conduct.

## COUNT VI – Intentional Infliction of Emotional Distress[4]

59.     Lyft incorporates the responses made to all previous Paragraphs of the Complaint as if fully set forth herein.

60.     Lyft denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163 of Count VI in the Complaint, except admits that riders and drivers using the Lyft App can leave feedback about their rides and can report issues to Lyft.

61.     Lyft denies each and every allegation set forth in Paragraphs 164-68 of Count VI in the Complaint.

62.     Paragraphs 169-72[5] of Count VI in the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 169-172 of Count VI in the Complaint set forth factual allegations, Lyft denies each and every allegation.

63.     Paragraphs 173-74 of Count VI in the Complaint set forth legal conclusions to which no response is required. To the extent that Paragraphs 173-74 of Count VI in the

---

[4] Similar to Count IV, Count VI's Paragraphs disrupt the numerical order as they restart at 162; this Count also has two paragraphs numbered "171."
[5] This answer is directed towards both paragraphs numbered 171 in this Count.

Complaint set forth factual allegations, Lyft denies each and every allegation, and denies that Plaintiff has suffered any damages as a result of Lyft's conduct.

### AFFIRMATIVE DEFENSES

64. The Complaint fails to state a claim upon which relief may be granted or upon which the damages sought may be awarded.

65. To the extent that evidence shows Plaintiff's own culpable conduct and/or failure to mitigate contributed to any damages allegedly incurred by her as a result of Lyft's alleged actions, Lyft is not liable.

66. To the extent that evidence shows Plaintiff's own conduct resulted in the applicability of the equitable doctrines of unclean hands, waiver, and/or estoppel, Plaintiff's claims are barred.

67. The Complaint should be dismissed because all actions by Lyft with respect to Plaintiff were lawful and made in good faith compliance with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, State of Michigan, and/or by an agency of the United States or the State of Michigan.

68. Plaintiff's claims are barred, in whole or in part, because Lyft is not a common carrier that possessed a heightened standard of care and it owed no duty of care to Plaintiff at the time of the alleged incident pursuant to Mich. Comp. Laws §§ 257.2102 and 257.2127.

69. Plaintiff's claims are barred, in whole or in part, because Lyft did not breach a duty of care to Plaintiff.

70. Plaintiff's claims are barred, in whole or in part, because at all times relevant to hereto Lyft exercised reasonable care.

71. Plaintiff's alleged injuries were not actually or proximately caused by Lyft's statements or conduct.

72.     Plaintiff's claims are barred, in whole or in part, because to the extent that any injuries and/or damages were allegedly sustained by Plaintiff, such injuries and/or damages were caused by the acts and/or omissions of Plaintiff, A.M. and/or "M" who was not within the control of Lyft and was caused by M's intervening or superseding conduct unrelated to Lyft's conduct.

73.     Plaintiff's claims are barred, in whole or in part, because M was not acting within the scope of any purported agency or employment relationship with Lyft and engaged in intentional torts or criminal acts outside of and not in furtherance of any such relationship.

74.     Plaintiff's claims are barred, in whole or in part, because M lacked any authority, whether express or implied, to act on Lyft's behalf and Plaintiff lacked any reasonable basis to believe that M had authority to act on Lyft's behalf.

75.     Plaintiff's claims are barred, in whole or in part, because Lyft is not vicariously liable for any intentional torts or criminal acts committed by M.

76.     Plaintiff's claims are barred, in whole or in part, because Lyft did not know nor could it have reasonably foreseen that M posed an undue risk of harm to Plaintiff or others.

77.     If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due to or caused by the fault, lack of care, negligence, strict liability, or any other breach on the part of Lyft.

78.     The Lyft App conforms with industry-wide standards and the applications of other technology companies.

## RESERVATION OF ADDITIONAL DEFENSE

79.     Lyft presently has insufficient knowledge or information to form a belief as to whether they may have additional, as yet unasserted, affirmative defenses. Lyft therefore

expressly reserves the right to assert additional affirmative defenses in the event that discovery or further proceedings indicate such additional defenses would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Prays for judgment as follows:

80. That Plaintiff takes nothing from the Complaint;

81. That Lyft, Inc. has judgment for costs of suit incurred herein; and

82. For such other and further relief as the Court deems just and proper.

Dated: June 15, 2026

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Brooke Purcell*
Brooke Purcell
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: 415.774.2939
bpurcell@sheppard.com

Tomas A. Pradia
*ED Michigan Admittance Pending*
845 Texas Avenue, 25th Floor
Houston, Texas 77002
Telephone: 713.431.7100
TPradia@sheppard.com

*Attorneys for Defendant Lyft, Inc.*