UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LM and AM,

          Plaintiffs,

v.

LYFT, INC.,

          Defendant.

_____/

Case No. 2:26-cv-10477

HONORABLE STEPHEN J. MURPHY, III

## ORDER REQUIRING JOINT DISCOVERY PLAN
## AND SETTING RULE 16 SCHEDULING CONFERENCE

Defendant having filed an Answer, **IT IS HEREBY ORDERED:**

1. <u>Date and Location</u>: A scheduling conference under Civil Rule 16 is scheduled for **July 15, 2026 at 11:00 a.m.** before the Honorable Stephen J. Murphy, III. The conference is **virtual**. <u>You will receive a Microsoft Teams Meeting link</u>. **Please do not contact the Court to confirm the scheduling conference. If the Court has not cancelled the conference on the docket, then it will be held as planned.**

2. <u>Matters to be Considered</u>: The purpose of the conference is to review the Joint Discovery Plan, and to expedite the disposition of the case by establishing effective case management; discouraging wasteful pretrial activities; establishing discovery limits; facilitating settlement; and setting a firm trial date.

3. <u>Joint Discovery Plan</u>: At least seven days before the scheduling conference, counsel (or unrepresented parties) must meet in person or telephonically to

discuss the nature and basis of the parties' claims and defenses; the possibilities for a prompt settlement or resolution of the case; whether depositions will occur remotely; the formulation of a discovery plan; and the topics listed below. Plaintiffs are responsible for scheduling the meeting. After the meeting, the parties must prepare and file a Joint Discovery Plan **no later than July 13, 2026**, which must be submitted in the attached form as **Appendix A**.

4.   Presumptive Limitations: under Civil Rules 26 and 30, the Court requires:

(a)   Rule 26(a)(1) disclosures will be required early in the case, with a continuing duty to supplement.

(b)   Rule 26(a)(2) expert witness reports will be required before the close of discovery;

(c)   Interrogatories are limited to 25 per side and depositions are limited to 10 per side, each of no more than 7 hours in duration. If disclosures are required under Rule 26, the Court may preclude the calling of witnesses or the presentation of evidence as a sanction for failure to make timely and complete disclosures. *See* Fed. R. Civ. P. 37(c)(1). In most cases, discovery should be completed within six months.

5.   Sanctions: The failure of counsel or an unrepresented party to participate in submission of the Joint Discovery Plan or to appear or participate in the Rule 16 scheduling conference may result in the imposition of any of the sanctions allowed by Rule 16(f), including dismissal of the action or entry of default, as appropriate.

6.    <u>Magistrate Judge</u>: On the cover page of all pleadings filed, the parties must

identify the United States Magistrate Judge assigned to the case.

7.    <u>Case Manager to Judge Stephen J. Murphy, III</u>: Richard Loury, (313) 234-2681.

   **SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: June 17, 2026

## Appendix A

A Rule 16 Scheduling Conference is scheduled for **[scheduling conference date]**. Appearing for the parties as counsel will be:

>   [*List the counsel who will attend the scheduling conference. Counsel for all parties must attend. Parties not represented by counsel must appear in person. Parties who are represented are encouraged, but not required, to attend.*]

1)   **Jurisdiction**: The basis for the Court's jurisdiction is:

>   [*Set forth a statement of the basis for the Court's jurisdiction. Indicate all objections.*]

2)   **Statement of the Case**: This case involves:

>   [*Set forth a brief description of the claims and defenses, sufficient to acquaint the Court with the core of the case as well as the factual and legal issues requiring judicial resolution.*]

>   [*If the claims arise from a contract or if the parties' relationship is governed by a contract, the parties must explain the following:*
>   *-Whether the parties dispute the formation of a contract.*
>   *-Whether the contract contained a forum-selection clause, a choice-of-law clause, or an arbitration clause. If the contract contains any of these clauses, please quote the clauses in this section.*]

3)   **Pendent State Claims**: This case [does/does not] include pendent state claims.

>   [*If pendent state claims exist, include a statement describing them, and any objections to the Court retaining them.*]

4)   **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by _____.

5) **Disclosures and Exchanges**: The parties have agreed to make available the following documents without the need of a formal request for production:
From Plaintiff to Defendant: [describe documents].
From Defendant to Plaintiff: [describe documents].

- OR -

The parties cannot agree on voluntary production at this time.

6) **Discovery**: The parties believe that all discovery proceedings can be completed by _____. The parties recommend the following discovery plan, and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

[*As required by Civil Rule 26(f), set forth proposed plan of discovery. A separate discovery plan need not be filed along with what is submitted here. Also set forth any recommendations as to limitations on discovery.*]

| | |
|---|---|
| Discovery Begins: | MM/DD/YYYY |
| Initial Disclosures Due: | MM/DD/YYYY |
| Witness List Disclosures Due: | MM/DD/YYYY |
| Expert Disclosures Due: | MM/DD/YYYY |
| Discovery Ends: | MM/DD/YYYY |
| Dispositive Motions Due: | MM/DD/YYYY |

7) **Disclosure / Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

[*State whether any party has electronically stored information that will be subject to disclosure or discovery and set forth any proposals concerning the form of production.*]

8) **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

[*State whether the parties have agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.*]

9) **Motions**: The parties acknowledge that Local Rule 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions must affirmatively state the efforts of the moving party to comply with the obligation created by Local Rule 7.1. All nondispositive motions must be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Local Rule 7.1. All discovery motions must be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion. The parties also acknowledge that Civil Rule 78(b) allows the Court to submit and determine motions on the briefs, without a hearing. Last, the parties acknowledge that the Court prefers parties do not file courtesy copies of motions and briefs.

The following dispositive motions are contemplated by each party:

[*Set forth all contemplated dispositive motions.*]

10) **Alternative Dispute Resolution**: The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

[*Set forth each party's position for the preferred method, if any, of alternative dispute resolution. Methods used in this district include, but are not limited to, facilitative mediation (Local Rule 16.4), case evaluation (Local Rule 16.5 and MCR 2.403), settlement conferences (Local Rule 16.6), and other procedures (Local Rule 16.7).*]

11) **Jury or Non-Jury**: This case is to be tried [before a jury] [by the Court as trier of law and fact].

12) **Length of Trial**: Counsel estimate the trial will last approximately __ days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

   __ days for Plaintiff['s] case
   __ days for Defendant['s] case
   __ days for other parties

13) **Prospects of Settlement**: The status of settlement discussions is:

[*Detail persons present during negotiations, progress toward settlement, and issues that inhibit settlement.*]

14) **Electronic Document Filing System**: Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the party has been excused from electronic filing on motion for good cause shown. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

15) **Other**:
[*Set forth any special characteristics or other factors relevant to the case that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case. The Joint Discovery Plan must be approved and signed by all counsel of record and by any party who represents one party.*]

## VIRTUAL HEARING PROTOCOL FOR MATTERS
## BEFORE THE HONORABLE STEPHEN J. MURPHY, III

1) Your matter will be conducted via Microsoft Teams. You will receive a link for the Microsoft Teams meeting from Richard Loury, the Court's case manager. Counsel appearing for Rule 16 conferences, final pretrial conferences, and motion hearings must participate by video.

3) Please send any written materials you may reference during your hearing to opposing counsel and Judge Murphy's chambers at least 48 hours before the scheduled hearing. Please send all documents in PDF format to efile_murphy@mied.uscourts.gov.

4) Counsel should join the Teams meeting five minutes before the scheduled start time to ensure all video and audio technology is working properly. Best practice is to test technology (webcams, microphones, internet connection, etc.) prior to the hearing.

5) Should a party wish to be present for a Teams hearing, counsel of record must arrange for it by providing log in information.

6) Business casual attire is appropriate for all Teams hearings before Judge Murphy.

7) Counsel should review the below Early Dispute Resolution "EDR" Protocols in advance of the conference.

## SPECIAL NOTE FOR CRIMINAL MATTERS

Judge Murphy will hold conferences with counsel, motion hearings without witnesses, and status calls via Teams according to the same procedure set forth above.

**EARLY DISPUTE RESOLUTION OVERVIEW**

Early Dispute Resolution (EDR) is a "rigorous, comprehensive process for fairly and rapidly settling disputes, building on mediation and collaborative law practices that facilitate cooperation in an adversarial process. The goal of EDR is to resolve most disputes within 30 to 60 days from inception." *Early Dispute Resolution*, The EDR Institute, https://bit.ly/3GWW67o [https://perma.cc/Z5C7-5HJG].

Judge Murphy often refers cases to trained EDR professionals if he believes they are well suited for EDR. A significant majority of the cases referred to EDR reach a settlement, thus saving the parties substantial amounts of time, money, and effort. EDR proceedings involve the following:

- A referral to a trained EDR professional.

- A temporary stay of the case until EDR proceedings are completed.

- A timeline for completion of the EDR process. EDR usually occurs before the start of the parties' proposed discovery period and lasts between thirty and sixty days.

- Limited exchanges of information (without prejudice to future discovery, if necessary) under the guidance of the EDR professional for the purpose of providing the parties with the information they need to valuate the case and make informed decisions about settlement.

- Continued guidance from the EDR professional in accordance with the Local Rules.